UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| OMAR MERRITT, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | CAUSE NO. 3:17-CV-33-PPS-JEM |
| v. | ) | |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Omar Merritt, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing where a Disciplinary Hearing Officer found him guilty of creating counterfeit documents in violation of Indiana Department of Correction policy. ECF 1 at 1. As a result, he was sanctioned with the loss of 90 days earned credit time and was demoted from Credit Class 1 to Credit Class 2. *Id.*

Merritt argues that the hearing officer did not have sufficient evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

It's a violation for an inmate to engage in "[c]ounterfeiting, forging, or unauthorized reproduction or possession of any document, article, identification, money, passes, security or official paper." Adult Disciplinary Process, Appendix I: Offenses. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

The Conduct Report charged Merritt as follows:

> On 09/01/2016, I, Casework Manager K. Miller was given back three request slips in the RHU mailbox in the mailroom. The remittance slips were sent through night mail and had my signature on the remittance slips. This offender did not hand these remittance slips directly to me, which would not allow the remittance slips to get signed by me. After comparing another remittance slip that has been signed by me, it was noted that Offender Merritt- 194553- R506 signed my signature in blue ink. The blue ink from the pen was found under Offender Merritt's Bunk in RHU 506. Both the ink and the blue pen were confiscated, along with the remittance slips that were pre-signed.

ECF 9-1 at 1.

The officer who searched Merritt's cell, Officer Isaac, also submitted a statement:

> On September 1st 2016 at approximately 0935 I, C/O J. Isaac, was working in RHU. While escorting offenders to outside recreation I removed offender Merritt, Omar DOC 194553 from cell R-505, to the outside rec cage. I then began to conduct routine cell searches. Upon entering offender Merritts cell I noticed that there was a blue pen body on the table. I then located the blue ink cartridge taped to the underside of his bunk.

ECF 9-1 at 3. The hearing officer was also provided with copies of the forged and authentic remittance slips for comparison. ECF 9-1 at 4.

The hearing officer had sufficient evidence to find Merritt guilty of creating a counterfeit. He was provided with evidence by the employee whose signature was forged that the signature did not belong to her, and that Merritt had never provided her with the remittance slips for her signature. A comparison between the two signatures supports a finding that one of the signatures was forged. *See* ECF 9-1 at 4. The forged signature was signed in blue ink. A blue ink pen cartridge was discovered concealed in Merritt's cell. Moreover, Merritt does not contest that he wrote and signed the remittance slips. Thus, there is "some evidence" to support the finding of guilt.

Merritt also challenges the credibility of the evidence. Merritt claims that Officer Isaac could not have found the pen under his bed because his bed is "just one big block of stone" and nothing can be placed under the bed. ECF 1 at 4. He also challenges the fact that Officer Isaac's witness statement claimed that he discovered the blue ink pen in cell 505, and claims that he was held in cell 506. ECF 1 at 3. It was the responsibility of the hearing officer to weigh the evidence and, in light of the evidence against Merritt, it was not unreasonable or arbitrary for the hearing officer to resolve discrepancies in

favor of Officer Isaac. Moreover, Officer Isaac's misidentification of the cell number appears to be nothing more than a scrivener's error. While Officer Isaac may have misidentified the cell number, he did explicitly identify the cell as Merritt's cell. Furthermore, the Conduct Report identified the correct cell number. Thus, Merritt's arguments regarding the weight of the evidence do not serve as a basis for habeas corpus relief.

Next, Merritt claims that his due process rights were violated because the hearing officer declined his request at the hearing to examine the pen. Inmates have a right to present relevant, exculpatory evidence in their defense. *Miller v. Duckworth*, 963 F.2d 1002, 1005 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). Here, the pen confiscated from Merritt's cell was not exculpatory. Merritt has not identified why he wished to examine the pen, or how his examination of the pen would have altered the outcome of his case. Furthermore, even if the pen was exculpatory evidence, Merritt's request, made the day of his hearing, was untimely. *Cf. Miller v. Duckworth*, 963 F.2d 1002, 1005 fn. 2 (7th Cir. 1992) (prisoners "certainly cannot wait until the day of the hearing" to make a witness request); *Portee v. Vannatta*, 105 F. App'x 855, 857 (7th Cir. 2004) ("Although inmates have a constitutional right to call witnesses at disciplinary hearings…this right is limited and requests that inmates make the day of the hearing are not timely").

Merritt also challenges the manner in which the evidence was stored and argues that there was an improper chain of custody. ECF 1 at 2. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In prison disciplinary cases, due process does not require a complete chain of custody. Rather, "[a]bsent some affirmative indication that a mistake may have been made, [the] hypothetical possibility of tampering does not render evidence inadmissible, but goes instead to the weight of the evidence." *Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000). Here, there is no affirmative indication that a mistake was made with respect to the blue ink pen. Therefore, the lack of a chain of custody report for the pen does not serve as a basis for habeas corpus relief.

Merritt also claims that the manner in which the pen was stored violated IDOC policy. However, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The IDOC's failure to follow its own policy does not rise to the level of a constitutional violation. *See id.* at 68 ("state-law violations provide no basis for federal habeas relief").

Merritt's final claim is that his discipline in this case caused him severe mental and emotional stress. ECF 1 at 3. This is not a proper claim pursuant to 28 U.S.C. § 2254. For purposes of his habeas corpus petition, I only consider whether Merritt was afforded the due process rights he was entitled pursuant to *Wolff*, 418 U.S. at 539. Here,

5

Merritt has not established that any of his procedural due process rights were violated. Thus, he is not entitled to habeas corpus relief.

For the reasons set forth above, the petition (ECF 1) is DENIED. The clerk is DIRECTED to close this case.

**SO ORDERED.**

ENTERED: August 7, 2017.                    s/ Philip P. Simon
                                             **PHILIP P. SIMON, JUDGE**
                                             **UNITED STATES DISTRICT COURT**